INHABITANTS OF DURHAM,

Appellants from Decision of the County Commissioners of the Counties of Cumberland and Androscoggin, in re Location.

Cumberland.     Opinion February 21, 1918.

*Rule as to both Boards of County Commissioners signing a report of the laying out of a way. Number of Commissioners to be present at the hearings· or sessions. Rule as to right of majority of County Commissioners deciding questions involved. Appeals, where filed and in what County subsequent proceedings thereon.*

The Commissioners of Cumberland and Androscoggin Counties in joint session relocated an ancient way which lies partly in Pownal, Cumberland County, and partly in Durham in the County of Androscoggin. The inhabitants of Durham took an appeal from the location and the committee appointed by the Supreme Judicial Court sustained the commissioners. The presiding Justice ordered the acceptance of the report of the committee, and the Inhabitants of Durham have brought the matter up on exceptions, their contention being that the record is fatally defective because the report of their doings is signed by only the Cumberland Commissioners and not by both boards.

*Held:*

1. The laying out of a way is a judicial act, which is prima facie evidence at least of the doings therein recited though attested by but one of the boards engaged in the proceedings,

2.  R. S., Chap. 24, Sec. 13, requires that a majority of each board must be present at the session and that a majority of those in attendance may decide the matter, but it does not require that all must sign the report.

3.  The joint board is not a permanent board having records of its own, so that its proceedings must be recorded in a County Court. As Cumberland was the originating county the proceedings were properly recorded there and the rights of appeal were governed by and dependent on that record.

Appeal from the decision of County Commissioners in relocating a certain highway between the town of Pownal, County of Cumberland, and the town of Durham, Androscoggin County. After hearing and laying out by commissioners, an appeal was entered to Supreme Judicial Court by the inhabitants of the town of Durham. At the term of the Supreme Judicial Court a commission was appointed to pass upon the findings of the County Commissioners, and upon the filing of their report a motion was filed by the Inhabitants of the town of Durham, asking that the report of said Committee be set aside and that all proceedings be quashed. This motion was overruled by presiding Justice, to which ruling exceptions were filed. Exceptions overruled.

Case stated in opinion.

*Henry E. Coolidge, and Oakes, Pulsifer & Ludden,* for appellants.

*W. G. & C. D. Chapman,* for appellees.

SITTING: CORNISH, C. J., SPEAR, KING, HANSON, MADIGAN, JJ.

MADIGAN, J. The commissioners of Cumberland and Androscoggin Counties in joint session relocated an ancient way which lies partly in Pownal, Cumberland County and partly in Durham, in the County of Androscoggin. The Inhabitants of Durham took an appeal from the location and the committee appointed by the Supreme Court sustained the commissioners. The presiding Justice ordered the acceptance of the report and refused to quash the proceedings of the commissioners and the inhabitants of Durham have brought the matter up on exceptions.

Appellants claim the record is fatally defective because the report of their doings is not signed by both boards but only by the Cumberland Commissioners. With this we do not agree. The laying out of a way is a judicial act, which is prima facie evidence, at least, of the doings therein recited, though attested by but one of the boards engaged in the proceedings. This is a true record in fact, because a

duplicate signed by the other board was later spread on the Andros-coggin records and a certified copy of the same appears in the Cumber-land record. Had the duplicates been filed simultaneously and seasonably in both counties, or even in Cumberland alone, it could not be claimed the record was defective, because all signatures were not on the same sheet of paper.

The judgment itself strictly complied with the statutes. Upon a proper petition respecting a way in the two counties a joint meeting was duly called on good and sufficient notice, at which a majority of both boards and all interested parties and their counsel were present, and ample time was given to procure and present evidence; the joint session adjudged and decreed that the prayer of the petition should be granted, laid out the way, marked the boundaries on the face of the earth, and assigned by metes and bounds two-thirds of the way to Pownal and one-third to Durham, for which portion said towns were made liable.

The statute requires that a majority of each board must be present at the session and that a majority of those in attendance may decide the whole matter. R. S., Chap. 24, Sec. 13; but it does not say that all must sign the report. No disgruntled minority, even if it repre-sented an entire county, where three counties participated, can directly or indirectly defeat or annul the judgment of the majority. *Jones* v. *Oxford*, 45 Maine, 428. The boards are assembled to adjust and settle matters in which two or more counties are interested, and as soon as the joint problems are adjudicated the power of the joint body is exhausted, and it cannot change, amend or annul its own decision except on a new proceeding. *Jones* v. *Oxford*, supra.

The joint board is not a permanent court having records of its own, requiring its proceedings to be recorded in a County Court. The stat-utes, R. S., 1916, Chap. 24, Secs. 14 and 15, allowing appeals in these cases, something which was not provided for prior to 1891, requires that the appeals shall be filed and subsequent proceedings be had in the county where the proceedings originated, the commissioners of which county shall notify the other counties. As Cumberland was the orgin-ating county, proceedings were properly recorded there and the rights of appeal were governed by and dependent on that record. It would make no difference when the report was filed or joint proceedings closed in Androscoggin, provided the record was correct in Cumber-land. That in its workings the method followed zealously guarded the

rights of all is evident, because this case has been considered by the joint session, by a committee of eminent standing and by the court at nisi prius.

Statutory requirements for taking private property for the public welfare are to prevent injustice and ensure proper compensation, but not to needlessly delay what public convenience and necessity demand. As we find no merit in the objections raised by the appellants, all of which, so far as they apply to the judgment of the joint session, are included in the points above discussed, the entry will be,

*Exceptions overruled.*